IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JOHN PARRIS, | ) | Civ. No. 11-00258 SOM-BMK |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING |
| | ) | DEFENDANT'S MOTION TO |
| vs. | ) | TRANSFER CASE TO BENCH |
| | ) | CALENDAR AND STRIKE JURY |
| WYNDHAM VACATION RESORTS, INC., | ) | DEMAND |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER CASE TO
BENCH CALENDAR AND STRIKE JURY DEMAND

Before the Court is Defendant Wyndham Vacation Resorts, Inc.'s ("Wyndham") Motion to Transfer Case to Bench Calendar and Strike Jury Demand. (Doc. # 71.) After careful consideration of the motion, the supporting and opposing memoranda, and the arguments of counsel, Defendant's motion is GRANTED.

BACKGROUND

Plaintiff John Parris ("Parris") is a real estate broker that applied to work at Wyndham in 2005. (Doc. # 71, Ex. 2 at 4.) He was recruited by two colleagues to apply, and his completed application contained the following clause:

> Should I become employed, as a condition of my employment, I agree
> to waive my right to a trial by jury in any action or proceeding

> involving any claim, whether statutory or at common law related to or arising out of my employment or the termination of employment, including claims of discrimination.  I understand that I am waiving my right to a jury trial voluntarily and knowingly and free from duress or coercion.  I understand that I have the right to consult with a person of my choosing, including an attorney, before signing this document.

(Id. at 2; Doc. # 71, Ex. 1 at 86-87.)

Parris was later hired by Wyndham.  On December 20, 2010, Parris filed an employment discrimination complaint against Wyndham and requested a trial by jury.  (Doc. # 1, Ex. A.)  Wyndham then filed the instant motion seeking to enforce the jury waiver clause.

## DISCUSSION

The Seventh Amendment's right to a jury trial in federal court is governed by federal law.  Simler v. Conner, 372 U.S. 221, 222 (1963).  "Although the right to jury trial in civil cases tried before federal courts is a constitutionally protected right, it may be waived by a contract knowingly and voluntarily executed."  Phoenix Leasing Inc. v. Sure Broadcasting, Inc., 843 F. Supp. 1379, 1384 (D. Nev. 1994).  Factors used to determine whether the waiver of a jury trial is knowing and voluntary include:

> (1) whether there was a gross disparity in bargaining power between the parties; (2) the business or professional experience of the party opposing the waiver; (3) whether the opposing party had an opportunity to negotiate contract terms; and (4) whether the clause containing the waiver was inconspicuous.

<u>Id.</u>

At oral argument, the parties disputed who had the burden to proof with respect to the test outlined above. The Ninth Circuit has not addressed this issue, and there is a split among circuits regarding which party has the burden of proof. <u>See id.</u>; Compare <u>Leasing Service Corp. v. Crane</u>, 804 F.2d 828, 833 (4th Cir. 1986) (party seeking enforcement of waiver carries burden to prove waiver was knowing and voluntary) <u>with</u> <u>K.M.C. Co., Inc. v. Irving Trust Co.</u>, 757 F.2d 752, 758 (6th Cir. 1985) (objecting party carries burden to prove that consent to waiver was not knowing and voluntary). District courts in the Ninth Circuit have placed the burden of proof on the party seeking enforcement of the waiver. <u>Travelers Cas. and Sur. Co. of America v. Highland Partnership, Inc.</u>, Civ. No. 10-2503 AJB(DHB), 2013 WL 878754, at *2 (S.D. Cal. Mar. 8, 2013); <u>Century 21 Real Estate LLC v. All Professional Realty, Inc.</u>, Civ. No. 2:10-2751 WBS GGH, 2012 WL 2682761, at *3 (E.D. Cal. July 6, 2012) ("There is disagreement between circuits with respect to which party bears the burden of proving these factors, . . . but the cases from this circuit that the court has been able to locate have uniformly placed the burden on the party seeking to enforce the waiver.") (citation omitted). The Court follows this approach and places the burden on Wyndham.

Under the four factors discussed above, Wyndham has shown that the

waiver was knowing and voluntary. Parris' business experience weighs in favor of enforcing the waiver. Courts evaluate the business experience of the contracting party to ensure that the party understood the jury waiver and its ramifications. MZ Ventures LLC v. Mitsubishi Motor Sales of America Inc., Civ. No. 9902395 DDP-AIJ, 1999 WL 33597219, at *16 (C.D. Cal. Aug. 31, 1999). Parris graduated from college, was a real estate broker, and had sold timeshares since 2000. (Doc. # 71, Ex. 1, Dep. of John Parris at 55, 60, 61.) At the height of his business during the mid-1990's, Parris had between ten and twelve real estate agents working under him. (Id. at 63-64.) Parris' experience allowed him to comprehend the content and importance of the jury waiver clause.

The waiver clause was conspicuous. The waiver clause is bold-face, and located directly above the signature line. (Doc. # 71, Ex. 2 at 4.) The clause is part of a three paragraph section and uses clear language. The application is only four pages long, and the jury waiver clause is not buried in fine print.

There was not a gross disparity in bargaining power between the parties. Courts in the Ninth Circuit have not required that the parties "stand on precisely equal footing." Century 21 Real Estate LLC, 2012 WL 2682761, at *3; Phoenix Leasing, 843 F. Supp. at 1385 (noting that while the facts in that case demonstrated that there "was some inequality of bargaining power," it was not "of

4

the kind or degree necessary to invalidate the waiver provision"). Parris was recruited to work for Wyndham by two colleagues. (Doc. # 71, Ex. 1 at 86-87.) At the time of his application, he was employed at another timeshare corporation and was happy there. (Id. at 86.) Parris testified that he felt no pressure to join Wyndham. (Id. at 90-91.) Based on Parris' deposition testimony, the Court concludes that there was not a gross disparity in bargaining power between the parties.

Finally, there is no indication that the application was not negotiable. Plaintiff's failure to negotiate the terms of the application do not automatically indicate that the application was non-negotiable. Plaintiff was recruited by Wyndham and felt no pressure to join the company. Plaintiff has failed to present any evidence that the terms were non-negotiable, and the only evidence in the record indicates that Plaintiff simply failed to negotiate. Based on the analysis above, the Court concludes that Plaintiff knowingly and voluntarily waived his right to a jury trial.

Plaintiff argues that he did not waive his right to a jury trial with respect to Wyndham because Wyndham did not exist at the time he completed his application. (Doc. # 73 at 7.) Plaintiff applied for employment at Fairfield Resorts, Inc., a subsidiary of Cendant Timeshare Resort Group. (Doc. # 71, Ex. 1

5

at 74, 106; Doc. # 98, Ex. 7.) In 2006, Fairfield Resorts changed its name to Wyndham. (Doc. # 71, Ex. 1 at 74; Doc. # 74, Ex. 7.) Plaintiff argues that Wyndham cannot enforce the waiver clause because he thought Cendant and Wyndham were "completely different companies." (Doc. # 73 at 7.) However, at his deposition, Plaintiff testified that he understood that Cendant was the parent company of Fairfield, and that Fairfield later became Wyndham by either changing names or forming a new company. (Doc. # 71, Ex. 1 at 74, 106.) Parris' application states that "Cendant Corporation and its subsidiary companies will provide equal employment opportunities to all applicants . . . ." (Doc. # 98, Ex. 7.) Based on this language, the application applies to Cendant and its subsidiaries, including Fairfield.[1] Plaintiff has not come forward with sufficient evidence indicating that the jury waiver clause applied only to Cendant, rather than Fairfield and Wyndham. Therefore, the Court concludes that Plaintiff knowingly waived his right to a jury trial because he understood that he was applying to a subsidiary of Cendant, which later changed names to Wyndham.[2]

---

[1] Plaintiff's declaration stating that he thought Wyndham "was a completely different and new company separate and apart from Cendant" is self-serving, and the Court does not credit it.

[2] Plaintiff also points out in the context of Hawaii auto insurance coverage that insurance companies must make an offer of stacked coverage any time a material change to the policy is made. (Doc. # 73 at 7.) Plaintiff argues the same analysis applies here and that Wyndham was required to have him sign another waiver when Fairfield changed names. Hawaii's law regarding stacked coverage is not relevant to federal or state law governing the

Finally, Plaintiff briefly argues that the jury waiver clause is unconscionable. (Doc. # 73 at 9-10.) Unconscionability is a state law contract defense, and therefore state law applies. Coneff v. AT & T Corp., 673 F.3d 1155, 1161 (9th Cir. 2012); Chalk v. T-Mobile USA, Inc., 560 F.3d 1087, 1092 (9th Cir. 2009). Under Hawaii law, a contract is adhesive if it is a "form contract" offered by the stronger contracting party on a "take this or nothing basis." Brown v. KFC National Management Co., 921 P.2d 146, 167 (Haw. 1996). Adhesive contracts are unenforceable if: "(1) the contract is the result of coercive bargaining between parties of unequal bargaining strength; and (2) the contract unfairly limits the obligations and liabilities of, or otherwise unfairly advantages, the stronger party." Id. As discussed above, there is no evidence in the record that the jury waiver was non-negotiable or that the parties had a gross disparity in bargaining power. Moreover, other courts have held that jury waiver clauses of the type at issue here are enforceable and not unconscionable. See Phoenix Leasing Inc., 843 F. Supp. at 1387 (holding that a jury waiver clause was not unconscionable under California law); Madura v. BAC Home Loans Servicing L.P., 851 F. Supp.2d 1291, 1295 (M.D. Fla. 2012) (stating that courts "routinely and regularly enforce jury trial

---

waiver of the right to a jury trial.

7

waivers found in loan agreements" and holding that the jury waiver clause was not unconscionable); Green v. Wyndham Vacation Resorts, Inc., Civ. No. 08-01997 ORL-22DAB (M.D. Fla. July 12, 2010), Doc. # 71 Ex. 5 at 10 (enforcing identical jury waiver clause and holding that it was not unconscionable); see also Baker v. Wyndham Worldwide, Civ. No. 11-1469-Orl-36GJK, 2012 WL 3860049, at *5-6 (M.D. Fla. Aug. 17, 2012) (enforcing an identical jury waiver clause); Dunn v. Fairfield Resorts, Inc., Civ. No. 06-3355 W-DW (W.D. Mo. Dec. 5, 2006), Doc. # 71 Ex. 4, (same); Hall v. Wyndham Vacation Ownership, Inc., Civ. No. 11-01515 PMP-VCF (D. Nev. Dec. 7, 2011), Doc. # 71 Ex. 6 (same).  Many of the above cases involve an identical jury waiver clause and nothing distinguishes the facts of those cases from this case.

Plaintiff relies on Walker v. Ryan's Family Steak Houses, Inc. and Dreiling v. Peugeot Motors of America, Inc., but those cases are distinguishable and less persuasive than the cases discussed above.  In Walker, the Sixth Circuit held that the plaintiffs did not knowingly and voluntarily enter an arbitration agreement where the employer provided misleading information about the agreement, the plaintiffs had a low level of education, and the plaintiffs were presented the arbitration agreement in a hurried fashion.  400 F.3d 370, 381-84 (6th Cir. 2005).  In Dreiling, the Court held that a jury waiver clause was not

knowing and voluntary because a "constitutional guarantee so fundamental as the right to jury trial cannot be waived unknowingly by mere insertion of a waiver provision on the twentieth page of a twenty-two page standardized form contract." 539 F. Supp. 402, 403 (D. Colo. 1982).  The Court also observed that plaintiffs had no choice but to accept the agreement.  Dreiling and Walker involve different factual circumstances and are inapplicable to this case.  For all these reasons, the Court concludes that the jury waiver clause is enforceable.

CONCLUSION

Defendant's  Motion to Transfer Case to Bench Calendar and Strike Jury Demand is GRANTED.

DATED:  Honolulu, Hawaii, March 28, 2013.

IT IS SO ORDERED.



 /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Parris v. Wyndham Vacation Resorts, Inc., Civ. No. 11-00258 SOM-BMK, ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER CASE TO BENCH CALENDAR AND STRIKE JURY DEMAND